# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE
2017 AUG -4 PM 2: 55
S.D. OF N.Y.

Myra S. Smith

_____

Write the full name of each plaintiff.

**16** CV **9244**

(Include case number if one has been assigned)

-against-

City of New York

Do you want a jury trial?

☒ Yes    ☐ No

_____

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

USDG SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 8 4 17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Myra | S. | Smith |
|---|---|---|
| First Name | Middle Initial | Last Name |

919 Park Place, #3M

Street Address

| Brooklyn | NY | 11213 |
|---|---|---|
| County, City | State | Zip Code |

917-808-6414

Telephone Number                             Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:        City of New York

Name
100 Church Street, 5th Floor

Address where defendant may be served

| New York | NY | 10007 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name


Address where defendant may be served


| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| | |
|---|---|
| Name | |

Address where defendant may be served

| | | |
|---|---|---|
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

NYPD / 071 Precinct

Name

421 Empire Boulevard

Address

| | | |
|---|---|---|
| Brooklyn | NY | 11225 |
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

    My race is: _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

    I was born in the year:   1958 _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

    My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

    My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.    STATEMENT OF CLAIM

### A.    Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☒  did not promote me

- ☐  did not accommodate my disability

- ☒  provided me with terms and conditions of employment different from those of similar employees

- ☒  retaliated against me

- ☐  harassed me or created a hostile work environment

- ☐  other (specify): _____

    _____

### B.    Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED
_____

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

      ☒  Yes (Please attach a copy of the charge to this complaint.)

            When did you file your charge?    12/30/2015 and 04/27/2016

      ☐  No

Have you received a Notice of Right to Sue from the EEOC?

      ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

            What is the date on the Notice?    08/29/2016

            When did you receive the Notice?    8/31/2016

      ☐  No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

      ☐  direct the defendant to hire me

      ☐  direct the defendant to re-employ me

      ☒  direct the defendant to promote me

      ☐  direct the defendant to reasonably accommodate my religion

      ☐  direct the defendant to reasonably accommodate my disability

      ☒  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

      Seeking transfer to the Manhattan Court Section, safety from physical harm, removal of negative complaints/entries on permanent record, reversal of any time taken and to recoup loss of income associated with loss of time and disciplinary action, reverse recent demotion and reinstate to Payroll Unit, have tour that starts at 06:30AM, back pay lost after demotion from Payroll Unit, and back pay from time of promotion to Manhattan Court Section to present.

## VII.  PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| *August - 4, 2017* | *Myra S. Smith* |
| Dated | Plaintiff's Signature |
| Myra | S. | Smith |
| First Name | Middle Initial | Last Name |
| 919 Park Place, #3M | | |
| Street Address | | |
| Brooklyn | NY | 11213 |
| County, City | State | Zip Code |
| 917-808-6414 | | |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☒ No

    If you do consent to receive documents electronically, submit the completed form with your
    complaint. If you do not consent, please do not attach the form.

Page 7

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Myra S. Smith
919 Park Place
Apt. 3-M
Brooklyn, NY 11213

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 520-2016-00127 | Edward J. Ostolski, Investigator | (617) 565-3214 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> **before you file suit may not be collectible.**

On behalf of the Commission

Feng K. An,
Area Office Director

AUG 29 2016
(Date Mailed)

Enclosures(s)

cc:    Eileen Flaherty, Esq.
NYC POLICE DEPARTMENT
One Police Plaza
Room 1406
New York, NY 10038

EEOC Form 161 (11/00)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Myra Smith
919 Park Place
Apt. 3-M
Brooklyn, NY 11213

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-01643 | Edward J. Ostolski, Investigator | (617) 565-3214 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) before you file suit **may not** be collectible.

On behalf of the Commission

Feng K. An,
Area Office Director

AUG 2 9 2016
(Date Mailed)

Enclosures(s)

cc: Eileen Flaherty, Esq.
NEW YORK CITY POLICE DEPARTMENT
One Police Plaza
Room 1406
New York, NY 10038

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 520-2016-00127 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Myra S. Smith | | 01-29-1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| 919 Park Place, Apt. 3-M, Brooklyn, NY 11213 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NYC POLICE DEPT | 500 or More | (212) 374-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Police Plaza, New York, NY 10048 | |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

**DEC 3 0 2015**

**DATE RECEIVED**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | Earliest: 08-09-2015    Latest: 10-14-2015 |
| ☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe Respondent is discriminating against me on the basis of my age (57) and race (black) in violation of the ADEA and Title VII, as amended. I have been employed with Respondent since November 8, 2014, as a Police Administrative Aide (PAA). As a new employee, I am and will remain on probation until February 9, 2016.

I allege Respondent is permitting Eileen Thompson, Senior Police Administrative Aide (SPAA Thompson), to single me out and accuse me of minor performance violations that I have not committed. Although SPAA Thompson is not my supervisor, she has taken it upon herself to subject me to unsupported, untrue and pretextual performance violations. She is intentionally endangering my employment during my probationary period, as she has documented my alleged minor performance violations in the minor violation log. Since she is not my direct supervisor, but is subjecting me to pretextual performance violations, she is creating a hostile work environment for me. SPAA Thompson is white and her treatment is not limited to me, she has treated another black PAA (estimated age 62) similarly; therefore I believe she is subjecting me to unwarranted performance violations because of my race.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 12/30/2015    *Myra S. Smith* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 520-2016-00127 |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

I further allege that Respondent has subjected me to disparate treatment by treating me less **favorable than younger PAAs.** Respondent does not scrutinize or discipline younger PAAs that began working **at or around the same time** I started the job. Like me PAAs, also remain on probation. They are:

1. Ms. Wu (under 34), Asian
2. Ms. Blue (under 40), black
3. Ms. Bailey (under 34), black
4. Note, there is another younger female (estimates she is under 40)

For example:

1. Ms. Wu (under 34 and Asian), entered the wrong location on a report that led the complaint be assigned to the wrong precinct. The complaining civilian returned to our precinct to complain about the precinct assignment of the complaint. Ms. Wu corrected the mistake, but was not singled out, targeted for **counseling and her mistake was not documented** in the minor violation log.

2. Ms. Bailey (under 34), black. She accepted and filed a report from a civilian who alleged his car was stolen. To my knowledge rules and procedures require, a civilian must call 911 and **an officer must visit** the scene of the crime for a report to be made, accepted and filed. Despite rules and procedures, **Ms.** Bailey was not singled out, targeted for counseling and her mistake was not documented in the minor violation log.

Respondent and SPAAs are aware of the mistake the PAAs make, because they have to sign off on reports.

Based on the above, **I charge Respondent discriminated against me in connection to my age and race, in violation** of the Age Discrimination in Employment Act of 1967, as amended and Title VII of the Civil Rights Act of 1964, as amended and all applicable local/state statutes.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE

**DEC 3 0 2015**

DATE RECEIVED

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

12/30/2015
Date          Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (5/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **Amended**<br>**520-2016-00127** |

**New York State Division Of Human Rights** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Myra S. Smith | | 01-29-1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| 919 Park Place, Apt. 3-M, Brooklyn, NY 11213 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NYC POLICE DEPT | 500 or More | (212) 374-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Police Plaza, New York, NY 10013 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☒ RACE | ☐ COLOR | ☐ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☒ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **08-09-2015**   Latest **10-14-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
MAR 16 2016
DATE RECEIVED

**I amend this charge to remove Sex as basis and add Age basis.**

**Based on the attached and the above, I charge Respondent discriminated against me in connection to my age and race, in violation of the Age Discrimination in Employment Act of 1967, as amended and Title VII of the Civil Rights Act of 1964, as amended and all applicable local/state statutes.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 03/16/2016   *Myra S. Smith*<br>Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 520-2016-01643 |

New York State Division Of Human Rights                          and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Myra S. Smith | | 01-29-1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| 919 Park Place, Apt. 3-M, Brooklyn, NY 11213 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NYC POLICE DEPT | 500 or More | (212) 374-5000 |

| Street Address | City, State and ZIP Code |
|---|---|
| One Police Plaza, New York, NY 10013 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| NEW YORK DISTRICT OFFICE<br>APR 27 2016<br>DATE RECEIVED | | |

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

| | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | Earliest: **08-09-2015**   Latest: **10-14-2015** |
| ☒ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I believe Respondent is discriminating and retaliating against me on the basis of my age (57) and race (black) in violation of the ADEA and Title VII, as amended.

I have been employed with Respondent since November 8, 2014, as a Police Administrative Aide (PAA).

I filed a minimally sufficent charge on October 14, 2105, Charge No. 520-2016-00127. Respondent was subsequently served with notice of that charge.

I filed Charge Particulars with the EEOC on December 30, 2016.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 09/27/2016   *Myra S. Smith*<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 520-2016-01643 |

New York State Division Of Human Rights                                    and EEOC

*State or local Agency, if any*

My charge specifically stated that Senior PAA Thompson directed the discriminatory treatment toward me.

Following the filing of my charge, on February 14, 2016, Senior PAA Thompson, charged me with a Minor Violation Log, No. 53. I believe she issued me this violation in retaliation to my discrimination complaint. The alleged violation, a data entry issue, occurred on or about August 31, 2015, several months before the filing of my EEOC Charge. However, in 2015, I was not charged for this alleged violation. Furthermore, I addressed the August 31, 2015, data entry issue with Senior PAA Thompson in September 2015. I opposed this violation in writing and informed her that I did not engage in the alleged violation.

On February 22, 2016, Senior PAA again charged me with a violation. She charged me with Minor Violation No. 57. I believe this charge is also based on pretext, because I did not engage in the violation. I believe Respondent and Senior PAA are scrutinizing my past and current performance in retaliation to me discrimination complaint. Following these retaliatory acts, I made a report to Respondent's EEO office and Officer. In addition, I informed Respondent's EEO Officer that if Senior PAA Thompson or Respondent were to issue me a third charge, I will be subject to a Command Discipline. To date, my complaint to EEO was acknowledged, but my complaint has not been resolved.

Based on the above, I charge Respondent is retaliating against me for engaging in a protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended and Title VII of the Civil Rights Act of 1964, as amended and all applicable local/state statutes.



EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK DISTRICT OFFICE
APR 2 7 2016
DATE RECEIVED

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 04\|27\|2016                     *[signature]* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

1. Plaintiff was hired by the New York City Police Department (NYCPD) on November 8, 2014 as a Police Administrative Aide (PAA).

2. Following completion of the Police Academy, in approximately February 2015, Plaintiff was placed at the 071 Precinct in Brooklyn, NY.

3. As a new employee Plaintiff was placed on probation until February 9, 2016. Plaintiff's probation was extended 6 months due to illness until approximately August 9, 2016.

4. In December 2014, Plaintiff took the Senior Police Administrative Aide (SPAA) test and received results that she passed the SPAA test on approximately October 22, 2015.

5. Plaintiff was waitlisted for the SPAA position. Wait listing means Plaintiff was awaiting the NYCPD to place her at available SPAA position in the department.

6. While awaiting placement to an SPAA position candidates are allowed to apply for other positions within the NYPD.

7. Soon after Plaintiff started working in the 071 Precinct she began receiving informal notes from Senior Police Administrative Aide Eileen Thompson (SPAA Thompson) criticizing her performance. These notes were posted on a public board near Plaintiff's work area and were either a paper openly posted for all to read or placed in an unsealed envelope with a note and more documents. SPAA Thompson continuously criticized Plaintiff on how she handled complaints and performed her job. These notes appeared at least one time per week and sometimes were more than once per week. Plaintiff has witnessed co-workers reading posted noted and the contents of the envelope posted by SPAA Thompson and then talking amongst themselves.

8. Each time Plaintiff received a note she reported the issue to her supervisor SPAA Parker. Plaintiff also drafted a response to SPAA Thompson's criticism however this did not cause SPAA Thompson to cease her actions.

9. Plaintiff noted that the notes continued for while she was in a probationary period from February 2015 until August of 2016. Plaintiff was subject to SPAA Thompson's negative behavior for well over a year.

10. SPAA Thompson's actions went beyond informal notes to formal write ups in the form of minor violations. Minor violations and command disciplines that are on an employees permanent record can place an employee on probation at risk of losing their employment. Thereafter command disciplines on a permanent record can affect an employees future opportunities for promotion, incentive bonus, merit pay and ability to be transferred should the employee desire to do so.

1

11. On October 14, 2015, Plaintiff filed a complaint with the New York Police Department Internal Affairs Bureau (IAB) reporting the disparate and unwelcome treatment received from SPAA Thompson.

12. In December 2015, Plaintiff filed a complaint with the EEOC based upon aged and race discrimination. Plaintiff's nationality is Black and she was age 57 at the time.

13. Specifically plaintiff stated Senior Police Administrative Aide Eileen Thompson (SPAA Thompson) wrote Plaintiff up for minor performance violations and recorded the violations in the minor violation log.  Plaintiff is not under SPAA Thompson's immediate command or chain of command,  did not work in any of the areas where SPAA Thompson worked and SPAA Thompson did not have authority to write Plaintiff up.  Plaintiff also noted that SPAA Thompson also wrote up other Black PAAs and that were over the age of 40. Those PAAs were also not under SPAA Thompson's immediate command or chain of command, did not work in any of the areas where SPAA Thompson worked and SPAA Thompson did not have authority to write the PAAs up.  SPAA Thompson treated Plaintiff and other PAAs over the age of 40 differently in that she did not write up PAAs under the age of 40.  SPAA Thompson also only wrote up Black PAAs and did not write up any PAAs who were not Black.

14. SPAA Thompson's nationality is Caucasian and her actions violated Title VII based on race discrimination in that she treated some Black PAAs negatively and treated non Black PAA's favorably.  SPAA Thompson's actions of only writing up Black PAA's placed Plaintiff 's employment at risk during her probationary period and created an unwelcome work environment for PAAs that were Black.

15. SPAA Thompson's actions violated the Age Discrimination Employment Act (ADEA) because she treated Plaintiff and other PAAs over the age of 40 differently in that she did not write up PAAs under the age of 40.  SPAA Thompson did not scrutinize or discipline PAAs under the age of 40. Her actions placed Plaintiff's employment at risk during her probationary period.  There were other PAAs under the age of 40 on probation also, however, SPAA Thompson did not write any of them up or scrutinize their performance.

16. In June 2016, Plaintiff responded to an NYPD Posting of Vacancies for positions within the Manhattan Court Section.  Plaintiff applied to work within the Manhattan Court Section and continued in the application process until August 2016 when Plaintiff was requested to submit additional documentation which included personnel records.

17. In approximately late August 2016, Plaintiff was called for an in-person interview and interviewed with a Lieutenant within the Manhattan Court Section.  At the end of the interview the Lieutenant informed Plaintiff that she had successfully passed the process and would be

contacted by the Personnel Bureau for placement in a position with the Manhattan Court Section.

18. Plaintiff then awaited the Personnel Bureau Order that authorized plaintiff to be moved from working at the 071 Precinct to the Manhattan Court Section.

19. In August 2015, SPAA Thompson wrote a memo to Plaintiff alleging an issue with her data entry in the Omniform System.  SPAA Thompson was alleging Plaintiff failed to include some information.

20. In August 2015, when Plaintiff received the memo Plaintiff spoke to her immediate supervisor Senior Police Administrative Aide Marsha Parker (SPAA Parker) and the Principal Administrative Aide Sherry Davis (PRAA Davis).  SPAA Parker and PRAA Davis appeared alarmed that Plaintiff had received this memo.  PRAA Davis is also the Principal for SPAA Thompson.

21. SPAA Thompson does not work in Plaintiff's area, is not Plaintiff's immediate supervisor and is not in Plaintiff's chain of command. SPAA Thompson also did not have permission from any of Plaintiff's supervisor's to write a memo to Plaintiff.  SPAA Thompson does not have any PAAs under her immediate command/ chain of command.

22. After Plaintiff informed SPAA Parker and PRAA Davis of the August 2015 memo Plaintiff was not provided any instruction on how to proceed with SPAA Thompson so Plaintiff wrote a response to her memo in August 2015.

23. Plaintiff stated that she did not fail to include information in the Omniform System and further that information can be deleted when colleagues open the file.  Following Plaintiff's response SPAA Thompson did not respond or press the issue further in August 2015.  SPAA Thompson did not formally charge Plaintiff with this issue.

24. In approximately late 2015 or early 2016, PRAA Davis called a meeting with the SPAAs and the PAAs under her command.  Present at the meeting were SPAA Thompson, SPAA Parker, Plaintiff and approximately 5 other PAAs. There were 2 additional PAAs that were unable to attend the meeting.

25. During the meeting PRAA Davis outlined the process on how to handle the discipline of a PAA which starts with a warning and/ or admonishment (either orally or through a write-up /memo), reprimands, remediation steps, minor violations, and finally command disciplines.

26. The Police Department of New York Civilian Handbook (The NYPD Civilian Handbook) also includes information on disciplinary procedures.  The NYPD Civilian Handbook is given to all employees while they are in the Police Academy and is part of the training provided by the New York City Police Department.

3

27. PRAA Davis specifically addressed SPAA Thompson and her writing of minor violations and
Command Discipline (CDs) against PAAs. PRAA Davis stated that no one would receive a CD
without her approval.  PRAA Davis specifically told SPAA Thompson that she had not been
following the proper procedures.  PRAA Davis requested that she be copied on all
communication with the PAAs and also requested a copy of any responses PAAs made to any
discipline communication.

28. There are 7 PAAs in Plaintiff's area are - Plaintiff (over 40, race Black), PAA Cathy Grant (over 40,
race Black) and PAA Queen James (over 40, race Black),  PAA Scantlebury (over 40, race Black),
Ms. Wu (under 34, race Asian), Ms. Blue (under 40, race Black), Ms. Bailey (under 40 race Black).

29. At the time of the meeting, on information and belief,  SPAA Thompson had written up minor
violations against only African Americans including Plaintiff – PAA Smith (at the time age 57),
PAA Cathy Grant (at the time approximately age 61) and PAA Queen James (at the time
approximately age 71). SPAA Thompson's discriminatory actions are targeting African Americans
and violating their rights to fair treatment in the workplace environment.

30. SPAA Thompson's actions were also in violation of the Age Discrimination in Employment Act
(ADEA).  She was targeting PAA's over the age of 40 by writing them up and not following the
discipline procedure PRAA Davis outlined in the group meeting. These 3 PAAs were also over the
age of 40.

31. Approximately 6 months later on February 14, 2016, SPAA Thompson formally charged Plaintiff
with the data entry issue and recorded the charge in the Minor Violation Log as entry number
53 and also gave Plaintiff a memo advising she was being charged with the violation.

32. SPAA Thompson would have had no reason to report an incident from 6 months earlier if not in
retaliation for Plaintiff's October 2015 complaint against her with IAB. On information and belief
SPAA Thompson found out about  the October 2015 report at some point shortly before
February 2016.

33. Plaintiff drafted a response to SPAA Thompson's violation charge and provided a copy of the
response to PRAA Davis as she requested in her meeting approximately 2 months prior.

34. On February 22, 2016, SPAA Thompson charged Plaintiff with a Minor Violation (which is entry
57 in the Minor Violation Log).  Information was missing in the complaint  however it was not
substantial and the Ominsystem accepted the information..  Plaintiff drafted a response to
SPAA Thompson's violation charge and provided a copy of the response to PRAA Davis as she
requested in her meeting approximately 2 months prior.  This was the second Minor Violation
issued by SPAA Thompson.

35. On March 3, 2016, Plaintiff forwarded a complaint to IAB reporting that she was being subjected to retaliation from SPAA Thompson for filing a discrimination complaint against her in October 2015.

36. On April 1, 2016 Plaintiff filed a Notice of Charge of Discrimination against SPAA Thompson reporting Race, Retaliation and Age Discrimination.

37. On April 27, 2016 Plaintiff filed a Charge of Discrimination against SPAA Thompson.

38. On June 3, 2016 a Personnel Bureau Memo seeking PAA applicants to fill vacancies in the Manhattan Court Section was posted. The posted deadline for the transfer applicants was June 17, 2016.

39. On June 6, 2016 Plaintiff applied for transfer within the Manhattan Court Section. The deadline for all transfer applications was June 17, 2016.

40. On June 16, 2016, SPAA Thompson issued Plaintiff a formal Command Discipline for mishandling complaint reports citing "numerous times during the past 8 month."

41. The eight month timeframe specified by SPAA Thompson in Plaintiff's Command Discipline spans the months October 2015 through June 2016. The only event to transpire during the month of October regarding Plaintiff was her complaint and submission to the IAB reporting SPAA Thompson's discrimination. Plaintiff was not cited with any Minor Violations from SPAA Thompson during the month of October.

42. In August 2016 Plaintiff successfully completed her probationary period.

43. On approximately August 26, 2016 SPAA Thompson issued a third Minor Violation against Plaintiff. Plaintiff had entered a complaint in the Omnisystem. Plaintiff noted that data was missing and only the police officer was able to correct the issue. PAA Thompson works in the Crime Analysis Department. When a police officer is not present the next step is to seek the assistance of the Crime Analysis Unit. There was no one present in the Crime Analysis Unit and the door was locked so Plaintiff gave the complaint to the Lieutenant at the desk who was in control of the precinct at the time. Plaintiff gave the complaint to the LT in his hand and he told Plaintiff that he would give it to the officer when he came in.

44. Plaintiff was then written up because the complaint was found in a folder in the main desk. Plaintiff drafted a response outlining the steps she had taken.

45. Following the response PAA Thompson wrote an additional violation based on the same facts and called it a Command Discipline. It did not matter that PAA Thompson was not following the procedure outlined by PRAA Davis. PRAA Davis had specifically stated that she was the

5

supervisor of both PAA Thompson and Plaintiff and should be the only one to issue Command Disciplines.

46. August 31, 2015 - PAA Thompson accused Plaintiff of placing a complaint in the incorrect location (4X12 Rollcall at the desk) instead of in the Crime Analysis Basket located in the 124 Room. The 124 Room is the area in which Plaintiff works.

47. Plaintiff had a substantial problem with the complaint in question and complaints with problems are not placed in the Crime Analysis Basket located in the 124 Room.  Plaintiff recalls that the Omisystem refused to save and validate the complaint due to an error in the complaint which only the police officer who took the complaint can correct.  Plaintiff properly first tried to locate the Police Officer who took the complaint so that they could correct the error.  Then Plaintiff went to the Crime Analysis office because they have first authority after the police officer to correct the error. The Crime Analysis office was locked and no one was in the office.  Then Plaintiff went to the Desk officer, a lieutenant who was the supervisor for Station house. Plaintiff explained the issue and the Desk office did not deem it sufficient to authorize overtime and instead took the complaint and told Plaintiff he would give it to the Officer to correct and Plaintiff signed out to end her tour at 3:30PM as is required.

48. **Error inputting information into Omisystem**  - Plaintiff notes SPAA Thompson receives all the complaints but SPAA Thompson treated that PAA Woo favorably and did not write her up when she entered the wrong information into Omnisystem for a complaint.  Specifically she included the wrong borough and this resulted in the complaint being filed in the wrong borough and precinct and the victim was then also sent to the wrong borough and location due to the incorrect information on the complaint.  This is viewed as a significant problem as it cannot be corrected, the complaint needs to be voided however PAA Woo did not receive a minor violation which would then be recorded in the minor violation log.  Like Plaintiff PAA Woo was also on probation yet Plaintiff was targeted for her error and PAA Woo was not.  PAA Woo was under the age of 40 and Plaintiff is over the age of 40.

49. PAA Thompson targets Plaintiff for various alleged issues regarding complaints. One issue dealt with entering information in the Omnisystem, another dealt with capturing information for a complaint.

50. **Error creating complaint** - PAA Blue took a walk-in complaint from a victim who said their automobile was stolen and drafted a grand larceny auto complaint. This is a problem because civilians cannot take grand larceny auto reports and in addition walk-in reports of crimes of this stature are not allowed. The report must be taken at the scene of the crime.   Like Plaintiff PAA Blue was on probation and committed an error regarding a complaint however SPAA Thompson did not issue PAA Blue a minor violation for this error and in turn did not include a minor violation in the minor violation log for this complaint error.

6

51. On June 8, 2017 Plaintiff accepted a SPAA placement in the Payroll Unit.  On June 12, 2017 Plaintiff reported to 088 Precinct and commenced her new position as an SPAA in Payroll Unit.

52. On June 16, 2017 Plaintiff had a mediation with the NYC Police Department that was unsuccessful.

53. On July 5, 2017 plaintiff filed her application to request leave to amend her complaint. Plaintiff included information regarding the benefit of her having higher pay in the Payroll Unit, the increased pay she was receiving due to the tour she was working, and the increased payrate she was receiving in the Payroll Unit.

54. Approximately 2 weeks later, On July 20, 2017 Plaintiff received notification that effective July 21, 2017 she was demoted and assigned to the 124 Room, Tour 073 X1530.

55. Plaintiff was demoted from the Payroll Office to the 124 Room.  This demotion is substantially less pay. When Plaintiff's Tour was changed she lost her night differential pay rate due to the change in her hours. Plaintiff also lost the incentive pay she received for working in the payroll unit and her higher paygrade.

56. Plaintiff has not received any disciplinary actions since her placement in 088 Precinct.

57. The NYC Police Department has retaliated against Plaintiff when they demoted plaintiff after exercising her right to seek justice based upon the discrimination on the grounds of age and race.